IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
|    Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-06-114-1 |
| | § | |
| PEDRO HURTADO-AVILA, | § | |
| | § | |
|    Defendant/Movant. | § | |

### ORDER DENYING MOTION TO REDUCE SENTENCE AND EXPEDITE DEPORTATION

Pending before the Court is Pedro Hurtado-Avila's motion to reduce sentence which includes a request for expedited deportation proceedings, along with his letter request for an explanation of any monies owed to the Court. D.E. 64, 65.

Motion to Reduce Sentence

Hurtado-Avila was sentenced to 24 months in the Bureau of Prisons in 2006, to be followed by 3 years supervised release, no fine, and a special assessment of $100, based upon his guilty plea to one count of Aiding and Abetting the Transportation of an Unlawful Alien. D.E. 47. Hurtado-Avila was released from the Bureau of Prisons and deported.

In 2009, the Probation Department requested Hurtado-Avila's arrest because he illegally reentered the United States. In June 2010, Hurtado-Avila's supervised release was revoked and he was ordered to serve seven months imprisonment, concurrently with his new sentence for Illegal Reentry in Cause No. 2:10-cr-47-1. Hurtado-Avila was sentenced to 57 months for Illegal Reentry, to be followed by 3 years supervised release, and a $100 special assessment was imposed. D.E. 19 (2:10-cr-47-1).

Hurtado-Avila requests that his sentence be reduced pursuant to the fast track program and based upon his age, citing 18 U.S.C. § 3582. He further requests that he be deported promptly. D.E. 65. Hurtado-Avila has already completed his seven month sentence for violation of his supervised release in 06-cr-114-1. Because this Court is required to construe *pro se* claims liberally, the Court construes his motion to be filed in 2:10-cr-47-1, as well as in the present case.

It is black-letter law that a federal court generally "may not modify a term of imprisonment once it has been imposed." Dillon v. United States, — U.S. —, 130 S.Ct. 2683, 2687 (2010). A district court may resentence a defendant whose conviction has become final only pursuant to the circumstances set out in 18 U.S.C. § 3582.[1] Hurtado-Avila's request that he should get the benefit of a two level adjustment for fast track does not bring him within the purview of § 3582(c). Hurtado-

---

[1]  (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
    (1) in any case--
        (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
            (i) extraordinary and compelling reasons warrant such a reduction; or
            (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
        (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
    (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the  Sentencing Commission.
Id.

Avila does not fit within the exceptions provided by § 3582.[2] This Court has no authority to resentence him.

## Motion to Expedite Deportation

Hurtado-Avila seeks immediate deportation. The United States Attorney General may not remove[3] a convicted alien until the alien has completed his sentence of imprisonment. 8 U.S.C. § 1231(a)(4)(A). An exception to the rule is found at § 1231(a)(4)(B)(I), which allows the Attorney General to remove an alien before his sentence is completed, under limited specified circumstances. Specifically, the Attorney General may remove a federal prisoner prior to completion of his sentence if he is "confined pursuant to a final conviction for a nonviolent offense (other than an offense related to smuggling or harboring of aliens or an offense described in section 1101(a)(43)(B), (C), (E), (I), or (L) of this title)" and "removal of the alien is appropriate and in the best interest of the United States." 8 U.S.C. § 1231(a)(4)(B)(I). Under the pertinent statutory scheme, then, the Attorney General has some limited authority and discretion to order deportation before the completion of the alien's sentence.

The statute also expressly states that it does not provide a private cause of action, "No cause or claim may be asserted under this paragraph against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien." 8 U.S.C. § 1231(a)(4)(D).

Because the decision to seek early deportation under the permissible statutory circumstances lies with the Attorney General, and because there is no private right of action under the statute, this

---

[2] Hurtado-Avila was born in 1953. He is 59 years old and is not eligible for a sentence reduction pursuant to § 3582(c)(1)(A)(ii), which requires that a defendant be at least 70 years old *and* have served at least 30 years in prison.

[3] The term "removal" is used in the statute to denote what was previously referred to as "deportation."

Court concludes that Hurtado-Avila's motion should be denied. The Fifth Circuit, in an unpublished decision, has stated that "Section 1231 does not provide a private right of action to compel the release or removal of an alien." Martinez–Lopez v. United States, 254 F.3d 70, 2001 WL 502504, at *1 (5th Cir. Apr. 23, 2001) (citing 8 U.S.C. § 1231(a)(4)(D)). Other circuits are in agreement with the conclusion that an alien may not bring a motion seeking early deportation. See, e.g., United States v. Marin Castaneda, 134 F.3d 551, 556 (3d Cir. 1998) ("[T]he statute vests the Attorney General, not the district court, with the authority to curtail a prison sentence for the purpose of deportation . . . .[A] district court cannot sua sponte issue a deportation order without a request from the United States Attorney."); Thye v. United States, 109 F.3d 127, 128–29 (2d Cir. 1997) (per curiam) ("[Section] 1252(h)(2)(A) does not create a private right of action that would allow a party to compel the Attorney General to act"); United States v. Aispuro, 127 F.3d 1133, 1134 (9th Cir. 1997) ("The district court lacked jurisdiction to order Aispuro deported because the United States Attorney did not request Aispuro's deportation."); Haddad v. United States Attorney General, 194 F.3d 1312, 1999 WL 1023980, *1 (6th Cir. 1999) (8 U.S.C. § 1252(h) "does not create a private right of action to force the Attorney General to begin deportation proceedings").

## CONCLUSION

The Court DENIES Hurtado's motion to reduce sentence and for expedited deportation (D.E. 65). The Court instructs the Clerk to enter a copy of Hurtado's motion and this Order on the docket in Cause No. 2:10-cr-47-1.

It is so **ORDERED.**

**SIGNED** on this 31st day of October, 2012.

      JOHN D. RAINEY
      SENIOR U.S. DISTRICT JUDGE